IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DENNIS COX, § | |
| § | |
| Plaintiff, § | |
| v. § | No. 3:10-CV-1956-M |
| § | |
| LIBERTY MUTUAL and CREDIT § | |
| COLLECTION SERVICES a/k/a CCS, § | |
| § | |
| Defendants. § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand [Docket Entry #9]. For the reasons stated below, the Motion is **GRANTED**.

### I.    BACKGROUND AND PROCEDURAL HISTORY

In December of 2009, Dennis Cox received a debt collection letter from Credit Collection Services ("CCS"), stating he owed $348 to Liberty Mutual. In January of 2010, Plaintiff paid the $348 allegedly owed. On April 21, 2010, Plaintiff filed his Original Petition in state court against CCS and Liberty Mutual, and on September 16, 2010, filed his First Amended Original Petition, alleging the debt collection was unjustified and unfair, and that Defendants were improperly and aggressively threatening him. Plaintiff alleges various tort claims and seeks actual damages, punitive damages, attorney's fees and costs, and prejudgment and postjudgment interest. It is undisputed that Plaintiff's economic damages are $348.

In Plaintiff's Original Petition, Plaintiff specifically stated that he would "never accept from the Court, and does not by this pleading or suit seek, a final judgment for damages in

excess of a total of $74,750 including all costs and damages and interest as might be included in such final judgment." Plaintiff later amended the Original Petition, removing this language.

On September 30, 2010, Liberty Mutual timely removed the case to federal court, claiming diversity of citizenship under 28 U.S.C. § 1332(a).[1] On October 4, 2010, following removal, Plaintiff's counsel sent Liberty Mutual's counsel a letter inviting Defendants to stipulate that the "value" of Plaintiff's case meets or exceeds $75,000.[2] On October 11, 2010, Liberty Mutual rejected that request, noting that the relevant inquiry was not the "value" but the "amount in controversy," and stipulated that if Plaintiff agreed not to accept judgment for damages in excess of $75,000, Liberty Mutual would agree to remand the case to state court.[3] Plaintiff never responded to Liberty Mutual's proposed stipulation.

Plaintiff now moves to remand the case to state court, challenging the propriety of removal, and requesting attorney's fees.

## II.     LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal court if the district court has original jurisdiction.[4] Congress has given federal district courts subject matter jurisdiction over civil matters when the amount in controversy exceeds $75,000 and when the parties are citizens of different states.[5] Removal jurisdiction is strictly construed because it implicates important federalism concerns.[6] In considering a motion to remand, a court is to

---

[1] Liberty Mutual filed the Notice of Removal, with the consent of CCS. Liberty Mutual filed a Response to Plaintiff's Motion to Remand, and CCS also filed a Response. For purposes of clarity, the Court treats, without deciding, both Defendants as removing parties in analyzing the Motion to Remand.
[2] Pl.'s App. in Supp. of Mot. to Remand Ex. G.
[3] Liberty Mutual's App. in Supp. of Resp. to Pl.'s Mot. to Remand Ex. A.
[4] 28 U.S.C. § 1441(b) (2006).
[5] 28 U.S.C. § 1332(a) (2006).
[6] *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

resolve issues of material fact in the plaintiff's favor, and any doubts are to be resolved against removal.[7] The removing party bears the burden of establishing jurisdiction.[8]

### III. ANALYSIS

**A. Diversity Jurisdiction**

Plaintiff raises two arguments in support of remand: first, that diversity of citizenship does not exist; and second, that the requisite amount in controversy is not satisfied. Because the Court finds that Defendants have failed to prove the amount in controversy requirement has been met, it does not address Plaintiff's diversity argument.

Ordinarily, a federal court determines the amount in controversy by looking at the amount claimed in the state court petition.[9] However, Texas prohibits plaintiffs from specifying the dollar amount of their damages.[10] When the petition does not state the dollar amount of damages sought, the defendant must prove by a preponderance of the evidence that the damages claimed exceed $75,000.[11]

A defendant may establish that the amount in controversy satisfies the jurisdictional minimum in two different ways. First, it may show that it is "facially apparent" that the amount in controversy exceeds $75,000, by demonstrating that the plaintiff's claims, if vindicated, would yield damages greater than this amount.[12] Second, if the amount in controversy is not facially

---

[7] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).
[8] *Shearer v. Sw. Serv. Life. Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008).
[9] *Beasley v. Liberty Ins. Corp.*, No. 3:10-cv-631-M, WL 2010 2697151, at *1 (N.D. Tex. July 7, 2010) (Lynn, J.) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).
[10] Tex. R. Civ. P. 47(b); *Beasley*, 2010 WL 2697151, at *1.
[11] *Wofford v. Allstate Ins. Co.*, No. 3:04-cv-2699-M, 2005 WL 755761, at *1 (N.D. Tex. Apr. 4, 2005) (Lynn, J.) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995)).
[12] *Beasley*, 2010 WL 2697151, at *2 (citing *De Aguilar*, 47 F.3d at 1411).

apparent, the defendant may produce summary judgment-type evidence to show that the amount in dispute satisfies the jurisdictional minimum.[13]

### 1. Facially Apparent

Defendants must show that on the face of Plaintiff's First Amended Original Petition, the claims asserted, including punitive damages, are more likely than not to be over $75,000.[14] Here, Plaintiff seeks actual damages, including claims for mental anguish, as well as punitive damages, attorney's fees, costs, and interest.[15] Defendants oppose remand, arguing that the face of Plaintiff's First Amended Original Petition shows that Plaintiff claims damages jointly and severally from both Defendants, allowing the claims to be aggregated; and that by removing in his First Amended Original Petition the statement in his Original Petition that he is not seeking damages in excess of $74,750, Plaintiff in effect states he is seeking more than $74,750.

Even assuming Defendants are jointly and severally liable and that the claims against them may be aggregated, Defendants have not met their burden. In the notice of removal, Defendants rely on Plaintiff's claim for punitive damages to demonstrate that the amount in controversy is satisfied.[16] Indeed, the Fifth Circuit and this Court have considered claims for punitive damages to determine whether the amount in controversy requirement was satisfied.[17] However, the Fifth Circuit found the amount in controversy lacking when the greatest amount of actual damages a plaintiff claimed was $990, determining that the unspecified punitive damages

---

[13] *Id.* (citing *De Aguilar*, 47 F.3d at 1411).
[14] *Allen*, 63 F.3d at 1335–37.
[15] Plaintiff only seeks attorney's fees pursuant to Texas Rule Civil Procedure 215.4(b), based on Defendants' alleged failure to admit the truth of a matter in response to Plaintiff's request to admit. When a statute entitles a party to recover attorney's fees, the amount in controversy includes those fees. *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000). Here, the parties do not brief what attorney's fees should be counted in calculating the amount in controversy, but the limited attorney's fees sought are not likely substantial and thus do not materially affect the amount in controversy and the determination of the remand issue.
[16] Liberty Mutual Notice of Removal ¶ 12.
[17] *See Dow Agrosciences LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003), *vacated on other grounds*, 544 U.S. 431 (2005); *H&D Tire & Automotive-Hardware, Inc.*, 227 F.3d at 329; *Wofford v. Allstate Insurance Co.*, No. 3:04-cv-2699-M, 2005 WL 755761, at *2 (N.D. Tex. Apr. 4, 2005) (Lynn, J.).

would have to be at least fifty times the actual damages to meet the then minimum jurisdictional amount of $50,000.[18]

Here, it is not facially apparent that $348 in economic damages, plus an unspecified amount of mental anguish damages, punitive damages, and limited attorney's fees, is more likely than not to equal or exceed $75,000. In order for Plaintiff to be awarded damages above the jurisdictional amount, he must be awarded other sums of more than 216 times his economic damages. There is insufficient proof for the Court to find that to be a likely result, where Plaintiff asserts an economic loss based on paying $348 he claims was not owed.[19]

The fact that Plaintiff removed his express self-imposed cap of $74,750, does not allow the Court to infer that the amount in controversy apparent on the face of Plaintiff's First Amended Original Petition is likely more than $75,000.

### 2. Summary Judgment-Type Evidence

Defendants further argue that the amount in controversy is met, as evidenced by letters submitted by Plaintiff and Defendants, in which Plaintiff refuses to stipulate that his damages were less than $75,000, and also asks Defendant to stipulate that the total "value" of the case is

---

[18] *H&D Tire*, 227 F.3d at 329–30. This Court denied a plaintiff's motion to remand in *Wofford v. Allstate Insurance Co.* based on the availability of punitive damages. *Wofford*, 2005 WL 755761, at *2. The plaintiff in *Wofford* sought damages in the amount of $35,594, as well as statutory penalties under the Texas Insurance Code and the DTPA. *Id.* Noting that the DTPA allowed the trier of fact to award treble damages, this Court held that the damages sought exceeded the jurisdictional minimum, and denied the motion to remand. *Id.*

[19] *See Allen*, 63 F.3d at 1336 ("In this case, the total claim for punitive damages is more likely than not to be for $50,000 or more, as it involves three companies, 512 plaintiffs, and a wide variety of harm allegedly caused by wanton and reckless conduct."); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 884 (5th Cir. 2000) (holding district court properly denied remand because plaintiff alleged "injuries to her right wrist, left knee and patella, and upper and lower back" as well as "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement."); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (holding district court properly denied remand because plaintiff "alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization.").

greater than $75,000. While the Court considers the correspondence in determining the sufficiency of the proof of the amount in controversy, "alone it is not reason to deny remand."[20]

In cases where courts have denied remand based, in part, on a plaintiff's refusal to stipulate to damages, courts have also considered other factors, which are absent here. For instance, in *Johnson v. Dillard Department Stores, Inc.*, the plaintiff admitted that damages could be as much as the amount in controversy, the provable damages were half of the requisite jurisdictional amount, and the plaintiff alleged multiple harms.[21] In *Callaway v. BASF Corporation*, the court considered the totality of the circumstances and concluded that the amount in controversy was "certainly in excess" of the jurisdictional amount.[22] By contrast, the totality of the circumstances here, particularly claiming economic damages of $348, does not make it more likely than not that the amount in controversy exceeds $75,000.

Resolving all doubts against removal, as the Court must, the Court holds that Defendants have failed to satisfy their burden of showing that the amount in controversy requirement for diversity jurisdiction has been met.

**B. Attorney's Fees**

Plaintiff requests attorney's fees and costs. Federal law provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[23] The Fifth Circuit has held that there is no "automatic entitlement to an award of attorney's fees."[24] In applying § 1447(c), the court must

---

[20] *Johnson v. Dillard Dept. Stores, Inc.*, 836 F. Supp. 390, 394 (N.D. Tex. 1993) (Mahon, J.); *Callaway v. BASF Corp.*, 810 F. Supp. 191, 193 (S.D. Tex. 1993).
[21] *Johnson*, 836 F. Supp. at 394–95.
[22] *Callaway*, 810 F. Supp. at 193.
[23] 28 U.S.C. § 1447(c).
[24] *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper."[25]

Defendants argue they had a reasonable belief removal was proper on the basis of diversity of citizenship and Plaintiff's refusal to stipulate that the amount in controversy was less than $75,000. The Court agrees. The Court concludes that Defendants had an objectively reasonable basis to remove. Therefore, Plaintiff's request for attorney's fees is **DENIED**.

## CONCLUSION

Since jurisdiction under 28 U.S.C. § 1332(a) is not present, Plaintiff's Motion to Remand is **GRANTED**. Plaintiff's request for attorney's fees is **DENIED**.

**SO ORDERED**.

January 12, 2011.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

---

[25] *Id.* at 293.